767 A.2d 480

WILLIAM WALDMAN, COMMISSIONER, STATE OF NEW JERSEY; DEPARTMENT OF HUMAN SERVICES, AND KAREN I. SQUARRELL, ACTING DIRECTOR, DIVISION OF MEDICAL ASSISTANCE AND HEALTH SERVICES, PLAINTIFFS–INTERVENORS–RESPONDENTS, v. AYANA MORRIS, AN INFANT BY HER GUARDIAN AD LITEM, JODI MORRIS, AND JODI MORRIS, INDIVIDUALLY, PLAINTIFFS–APPELLANTS, v. JOSEPH A. CALVETTO, M.D., FRANK A. COCCO, M.D., OCEAN GYNECOLOGICAL AND OBSTETRICAL ASSOCIATES, P.A., KIMBALL MEDICAL CENTER, VIRGINIA POST, R.N., JANE DOE I–X, JOHN DOE I–XX, JOHN ROE, RICHARD ROE I–XX AND PAUL ROE I–XX, DEFENDANTS.

July 17, 2000.

This matter having come before the Court on a grant of certification, 158 *N.J.* 686, 731 *A.*2d 45 (1999), to consider the effect on a personal injury award of a Medicaid lien reimbursement under *N.J.S.A.* 30:4D–7.1,

And the matter having been duly considered,

And the Court having determined that, with two qualifications, certification was improvidently granted, the qualifications being that (1) the Commissioner is free in certain circumstances to compromise the lien, and (2) not before the Court is the question of the effect of a judgment or settlement that specifically identifies the amount of an award that had been given to a child as medical expenses;

And good cause appearing;

IT IS ORDERED that the within appeal is dismissed.

*For dismissal*–Chief Justice PORITZ and Justices O'HERN, STEIN, COLEMAN, LONG and VERNIERO—6.

*Opposed*—None.